GRIM v. SEMPLE ET AL.

1. **Indemnity Bond**: CONSIDERATION. A bond to indemnify a surety upon a bond for costs, was held to be sustained by a sufficient consideration, although not executed until after the bond for costs, where it appeared that the latter was signed under a promise that the former should be given.

2. **Appeal**: NOT BARRED BY COMPULSORY PAYMENT OF JUDGMENT. The payment of a judgment, after levy of execution, and shortly before the time fixed for sale, is not such a voluntary payment as will deprive the judgment defendant of the right of appeal.

3. **Practice**: PARTIES. No error can be predicated upon the absence of proper or necessary parties to a law action, when no motion has been made that others be made parties.

*Appeal from Lee District Court.*

WEDNESDAY, OCTOBER 21.

ACTION by ordinary proceedings upon an indemnifying bond. Defense, no consideration, and that plaintiff paid the money sued for in his own wrong; that defendant was an attorney at law, and the bond was given in a proceeding in court, and hence void. A jury trial was waived, and the cause tried by consent to the court, who found for the plaintiff $514.60 and costs, and rendered judgment accordingly. The defendant appeals.

*Francis Semple, pro se,* and *McCrary, Miller & McCrary,* for appellant.

*Gillmore & Anderson,* for appellee.

COLE, J.—A suit was pending in the Van Buren District Court, wherein Coffindaffer was plaintiff and Wallingford was defendant. During its pendency Coffindaffer removed to Wisconsin, and was thereafter required to give security for costs. He procured this plaintiff, Joseph Given, to become his surety, and the bond for costs was executed August 22, 1870. The indemnifying bond sued on was executed August

23, 1870, and was signed by Coffindaffer as principal and by this defendant, Francis Semple, as surety. Afterwards, upon the trial of the cause, a judgment was rendered against Coffindaffer for costs, and, by a summary motion subsequent thereto, a judgment was rendered against this plaintiff, as surety, for costs, in the same amount, to-wit: $532.75. Execution was issued thereon, and levied upon the real estate of this plaintiff, the surety, for costs as aforesaid, and three or four days before the day fixed for its sale, he paid off and satisfied said judgment. Before he paid it, this defendant, who was the attorney for Coffindaffer, tried to induce this plaintiff to join in an appeal bond and allow the defendant to appeal to the Supreme Court from the judgment against his client and this plaintiff for costs; but this plaintiff refused to have anything to do with such appeal, and paid off the judgment contrary to this defendant's advice, desire and request.

No question is made in this case as to the amount of the judgment, if plaintiff is entitled to any.

The questions involved in this case are really questions of fact, and, under the evidence, we could not disturb the finding by the court, which stands as a verdict by a jury. But the counsel for the appellant argue two or three legal propositions with so much zeal and ability, as well as with great apparent and asserted confidence, that we feel constrained to notice them. It is claimed that, since the bond for costs was executed by plaintiff one day before the bond of indemnity was executed by this defendant, there was no consideration for the latter. But this question of consideration was contested in the evidence, and it was testified to, on the one side, that the bond for costs was executed by Given upon the consideration and agreement by Coffindaffer to give Given a bond of indemnity; and one witness testifies that this defendant urged plaintiff to become surety, and agreed to give the bond of indemnity if he would, and that this bond in suit was given pursuant to such agreement. If the court gave credit to this testimony, it would sustain the findings, notwithstanding the bond sued on was given after the bond for costs. And, further than this, the testimony also tends to show

1. INDEMNITY bond: consideration.

that this plaintiff was about to move for his discharge from the bond for costs, and had the motion prepared, and that this defendant, knowing it, had the bond in suit prepared, executed and delivered to plaintiff, and that, in consideration of it, he abandoned his motion and consented to remain surety for costs. This would constitute a consideration.

It is further claimed that this plaintiff, by paying off the judgment for costs, defeated the right of appeal, and prevented

2. APPEAL: not barred by compulsory payment of judgment.

this defendant from obtaining a reversal of the judgment, which he confidently asserts he could have done. But the paying off of the judgment, under the circumstances shown, would not defeat the right of appeal. It was paid after a levy upon the plaintiff's real estate, and only three days before the day of sale, and was, therefore, no such voluntary payment as would defeat the right of appeal. Suppose a judgment is rendered against a party, and he cannot give security to supercede its enforcement while he prosecutes an appeal, and an execution is therefore issued, and his property is about to be sold under it—his homestead, it may be. Now can it be claimed that if he shall pay off the judgment, he is thereby deprived of an appeal. Surely this cannot be the law.

If there had been pleading and evidence to support the charge of fraudulent combination between this plaintiff and Wallingford to cheat and defraud Coffindaffer or this defendant out of the costs, and out of the right of appeal, such would doubtless have defeated the plaintiff's action. But the court did not so find.

This case is before us to determine as upon errors at law. The defendant made no motion looking to the bringing in of other parties. That question cannot, therefore, be made in this court, not having been made below.

AFFIRMED.