## ROSS et al. v. FULLER.

No. 21076. Opinion Filed July 6, 1932.

Rehearing Denied July 27, 1932.

Ray & Thomas, for plaintiffs in error.

Stevens & Cline, for defendant in error.

HEFNER, J. In this case, it appears that Walter Fuller is the owner of certain lots in the city of Lawton, Okla., and that he had erected thereon a brick and cement block building. Floyd D. Ross and others, partners doing business under the firm name of Coca Cola Bottling Company, owned lots immediately adjoining the lots of Fuller on the west. Sometime in January, 1928, the bottling works, acting through Ross, one of the members of the firm, began the construction of a building on the lots belonging to the partnership. In the construction of the building without authority of Fuller and against his protest, the partnership used the west wall of his building as the east wall of their building. Five pilasters were built by the company against Fuller's wall for the purpose of supporting the roof of the new building, and the roof was attached to the Fuller building. There were five windows in the west wall of the Fuller building which were closed by the bottling company. The manner in which the new building was attached to the Fuller building, and the manner in which the windows were closed, caused the insurance rates to be raised on the Fuller building.

This action was brought by Fuller against Ross and others, composing the bottling company, to enjoin them from the further use of his west wall as a support for their building, and to compel them to disconnect and remove the pilasters from his wall and discontinue the use thereof; and for damages for closing his windows. Defendants defended on the ground that plaintiff's building extended 1½ inches across the west boundary line of his lots and encroached upon their lots, and that by reason thereof they had the legal right to use plaintiff's west wall as their east wall. The case was submitted to a jury on the amount of damages, if any, sustained by plaintiff by reason of the use of the west wall of defendants and closing of plaintiff's windows. The jury found in favor of plaintiff, and returned a verdict in his favor in the amount of $250. Judgment was entered on the verdict, and the injunction was granted. Defendants have appealed and assert that the judgment is against the clear weight of the evidence and contrary to law.

Their contention is that the building extended 1½ inches over the west line of plaintiff's lots and upon their lots, and they had the right, therefore, to use plaintiff's wall in erecting their building.

The evidence on this question is conflicting. Mr. Joyner, an expert engineer and surveyor called on behalf of plaintiff, testified that he made a survey in order to ascertain the boundary line between the lots of plaintiff and defendants; that he located the line, and that plaintiff's building was entirely on his own lots and did not encroach on the lots of defendants. The city engineer and the deputy city engineer of Lawton testified to the contrary.

The trial court had the witnesses before it; heard their evidence as to the manner in which the surveys were made and the instruments used; and had an opportunity to observe and determine the ability and competency of the witnesses. After taking all of these facts into consideration, the court found in favor of plaintiff. We cannot say that this finding is against the clear weight of the evidence.

The evidence also shows that cement slabs were constructed by plaintiff along the outside of his building, and that these slabs encroached on the lots of defendants. It is established that these slabs were constructed with the consent of defendants. At the time they were constructed, plaintiff was conducting a grocery store in the building located on his lots; that rats were entering his building through or underneath the foundation, that in order to keep them from so entering, with the consent of defendants, plaintiff erected and constructed these cement slabs along the west side of his building. That these slabs were built with the consent of defendants is not disputed. It therefore cannot be said that the construction of these slabs encroached on

the lots of defendants in such manner as would authorize them to connect their building to the west wall of plaintiff's building.

The evidence was not disputed that the closing of the windows caused the insurance rates on plaintiff's building to be raised, and that he was compelled by reason thereof to pay additional premiums in the sum of $250. The jury found in favor of plaintiff in that sum, and no complaint is made as to this finding, other than that the evidence was insufficient to sustain the finding of the jury that plaintiff's building was located entirely upon his lots. This question has heretofore been disposed of and requires no further discussion.

Defendants further contend that the court erred in giving its instruction No. 5. It is urged that this instruction is erroneous for the reason that it assumes there was some evidence which sustained plaintiff's theory that the wall of the building stood wholly on his lots, but that there was, in fact, no such evidence. The evidence of engineer Joyner, heretofore referred to, was sufficient upon which to base this instruction.

Defendants contend that, notwithstanding the case was submitted to the jury, it is, in fact, one in equity and that this court should weigh the evidence and reverse the judgment because it is against the clear weight thereof. We have so treated it, and hold that the judgment of the trial court is not against the clear weight of the evidence.

The judgment is affirmed.

RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and ANDREWS, J., absent.