## BUSH et al. v. ÆTNA BUILDING & LOAN ASS'N OF LAS VEGAS, N. M.

No. 5795.    Opinion Filed September 14. 1915.

(151 Pac. 850.)

**APPEAL AND ERROR—Right of Appeal—Waiver—Involuntary Payment.** An action to foreclose was commenced against the plaintiffs in error, to which they pleaded usury as a defense, and the court below held that there was no usury and gave judgment for the full amount claimed. From this judgment defendants below appealed. While the appeal was pending, plaintiff below caused an order of sale to be issued and the property sold. In order to prevent a sheriff's deed from being issued, defendants below paid the judgment. **Held,** such payment was not voluntary and does not preclude the defendants below from challenging the correctness of the judgment by proceedings in error.

(Syllabus by Devereux, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by the Ætna Building & Loan Association of Las Vegas, New Mexico, against Louis A. Bush and another. Judgment for plaintiff, and defendants bring error. Plaintiff moves to dismiss. Motion denied.

This was an action on a promissory note and to foreclose a mortgage given to secure the same, and as a defense thereto defendants below pleaded usury, but the court below found aga.nst them and rendered judgment for the full amount claimed. From this judgment the defendants below brought error to this court, and the case is regularly on the docket here for trial, but no supersedeas bond was filed for the reasons hereinafter set out. Pending the appeal the plaintiff below caused an order of sale to be issued and the property sold, but before the sheriff's deed was issued the plaintiffs in error paid the full amount of the judgment. The defendant in error now moves to dismiss the appeal on the ground that as the judgment is paid no question is presented to this court for consideration, and in support of this motion files the certificate of the clerk of the district court showing the satisfaction of the judgment. The plaintiffs in error filed an answer to this motion, alleging, in substance, that the controversy between the parties was not adjusted and compromised; that they admit that they paid the judgment recovered in the court below, but alleged the fact to be that it was paid involuntarily while an execution and order of sale was in the hands of the sheriff of Oklahoma county, and while the defendant in error was threatening to take the property involved in the foreclosure from these plaintiffs in error, and that the payment was made to save a deficiency judgment, and for the purpose of trying to save a little something out of the property, after the sheriff had sold the property and just before the sheriff's deed was to be made to the defendant in error; that this payment was made without any agreement or compromise of the suit pending in the Supreme Court on appeal from the lower court; and that the full

purpose and intention was to prosecute the appeal to a final determination. They further allege that no supersedeas bond was given because they were wholly unable to give one. This answer is supported by affidavit, and the defendant in error has filed no counter affidavit and no reply to the facts set out therein.

*W. A. Smith*, for plaintiffs in error.

*Burwell, Crockett & Johnson*, for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). As the affidavit of the plaintiffs in error has not been controverted, for the purposes of this motion, we assume it to be true. This raises the question whether a plaintiff in error abandons his appeal when he is unable to give a supersedeas bond and pays the judgment in order to prevent the loss of the property by sale under execution. In our opinion, both on reason and authority, such payment does not operate as an abandonment of the appeal. In *Auld v. Kimberlin*, 7 Kan. 601, it is held:

"A payment of a judgment made to a sheriff with an execution in his hands to enforce payment does not preclude the defendant from bringing his case to this court for review."

In *Kerr v. Reece*, 27 Kan. 469, it is held that a payment of the judgment made to the sheriff, with an execution in his hands to enforce payment, is not a voluntary payment, and does not preclude the defendant from challenging improper proceedings and the validity of the judgment of the trial court. This case cites with approval and follows *Auld v. Kimberlin, supra*. In *Johnson v. Clark*, 29 La. Ann. 762, it is held:

"The payment of a *fieri facias*" giving authority to "the sheriff to se ze and sell defendants' goods, is not of

itself conclusive of his acquiescence in the execution of judgment against him."

See, also, *Grim v. Semple,* 39 Iowa, 570; *Plano Mfg. Co. v. Rasey,* 69 Wis. 246, 34 N. W. 85.

On principle this rule must be correct. The right to appeal is given by statute, and a supersedeas is only to prevent the execution of the judgment pending the appeal, and the failure to give the supersedeas bond does not abrogate the right of appeal given by the statute. We do not decide that, if the plaintiff voluntarily performs the judgment, he can still prosecute his appeal, nor do we decide that, if the right asserted by appeal has been taken away by a provision of law, the appeal can still be prosecuted. In this last class of cases is included that class where prior to statehood a party appealed from the refusal to grant him a license to sell liquor, and pending the appeal the prohibition clause of the Constitution became effective. In that case the right sought to be enforced by the appeal was completely done away with, and in passing upon the question the court would have been deciding a moot question. The case of *Price v. County Com'rs,* 8 Okla. 121, 56 Pac. 959, is not in conflict, for in that case the parties did voluntarily compromise the subject-matter of the litigation. *Tinker v. McLaughlin-Farrar Co.,* 29 Okla. 758, 119 Pac. 238, is not in conflict with this decision, for in that case it does not appear that a settlement of the judgment was made to prevent a sale of the defendant's property under execution. In that case it appears that the judgment had been settled without stating in what manner, and to support the decision the court cites the case of *Reese v. Chaney,* 28 Okla. 501, 114 Pac. 608, and in that case it appears that there was a voluntary settlement of

all matters in controversy, as in the case of *Price v. Board of Commissioners, supra.*

We therefore recommend that the motion to dismiss be denied.

By the Court: It is so ordered.