### SOWERS et al. v. ARCHER et al.

No. 23792. Opinion Filed Dec. 6, 1932.

Rehearing Denied Dec. 27, 1932.

Cutlip & Cutlip and A. M. Baldwin, for plaintiffs in error.

Park Wyatt, Byron Lamun, and Arrington & Evans, for defendants in error.

ANDREWS, J. This cause is before this court on a motion of the defendants in error to dismiss the appeal of the plaintiffs in error. That motion was based on a number of contentions. We do not think it necessary to determine all of them.

The record shows that the case came on for trial on the 1st day of December, 1931; that the trial was continued through December 1st and December 2, 1931; that at the conclusion of the trial on December 2, 1931, the court took the cause under advisement; that on the 10th day of December, 1931, the court made findings of fact and conclusions of law, in writing, which were filed on the 10th day of December, 1931; that on the 11th day of December, 1931, the plaintiffs (plaintiffs in error) filed written "exceptions to findings of fact and conclusions of law"; that on the 11th day of December, 1931, the plaintiffs filed a motion for new trial; that the first paragraph of that motion for new trial was as follows:

"Comes now the plaintiffs and move the court to set aside the judgment heretofore rendered on the 10th day of December, 1931, and to grant these plaintiffs a new trial for the following reasons, to wit: * * *"

—and that on the 17th day of December, 1931, there was entered on journal book No. 24 a recitation that the motion for new trial was overruled. That journal recites that on the 18th day of December, 1931, there was filed and recorded in that journal an order which, with formal parts omitted, provides:

"Now, on this 17th day of December, 1931, the objection and exception to the findings of fact, and each and all of them, made by said superior court in the cause above entitled, and the conclusion of law, came on for consideration before the court; the representatives of the plaintiffs and defendants being present; upon the presentation and consideration of said exception to the findings of fact and conclusion of law, and to each and all of them, and the court being fully advised in the premises, overrules and denies each and every one of them; to which the plaintiffs duly excepted and which exception was by the court allowed.

"Upon further consideration of said cause in said court, on the date above stated, the motion filed by the plaintiffs for new trial came on and was considered after the presentation of the same, and the court being fully advised, overrules and denies said motion for new trial; to all of which the plaintiffs excepted and which exception was by the court allowed. The plaintiffs at said time in open court gave notice of an appeal to the Supreme Court of the state of Oklahoma, and requested that said notice be entered upon the journal of said court. All of which was by the court ordered and directed, and the same accordingly done. At the same time and for good cause shown, the plaintiffs were given 90 days in which to make and serve a case-made on appeal, 10 days given the defendants in which to suggest amendments, and upon written notice the case to be settled and signed on 3 days' notice; the court further ordered that 30 days' time was given to the plaintiffs in which to make and cause to be approved a supersedeas bond, conditioned as by law provided, in the amount of $7,500."

"All of which is by the court so considered, adjudged, and decreed."

The plaintiffs in error, in their response to the motion to dismiss the appeal, said:

"In the present case the filing of the motion for new trial was a prerequisite to confer jurisdiction upon this court, and the statutory period of time within which the appeal could be filed in the Supreme Court ran from January 7, 1932, and was clearly within time."

We cannot concur in the contention that the six months' time within which to file an appeal in this court commenced to run on the 7th day of January, 1932, for the reason that the only motion for new trial that was filed in this case was overruled on the 17th day of December, 1931. If the appeal is from the order overruling the motion for new trial, the six months' time for filing the appeal commenced to run on the 17th day of December, 1931. The appeal was not filed in this court until the 27th day of June, 1932.

The journal entry of January 7, 1932, reciting that the motion for new trial was overruled on that date, was ineffective to extend the time to appeal, for the reason that a court cannot extend the time for appeal by vacating a former order and reentering it as of a more recent date. Philbrock v. Home Drilling Co., 117 Okla. 266, 246 P. 457.

The appeal is dismissed.

RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., absent. CLARK, V. C. J., not participating. KORNEGAY, J., dissents.

Note.—See under (2) 2 R. C. L. 105; R. C. L Perm. Supp. p. 333; R. C. L. Pocket Part title "Appeal," § 80.