## WATCHORN v. GENERAL FINANCE & SALES CO. et al.

No. 23155. Opinion Filed Feb. 28, 1933.

R. E. Stephenson, for plaintiff in error.

W. V. Pryor and Hays & Hays, for defendants in error.

BUSBY, J. This is an appeal by H. M. Watchorn, plaintiff below, from an order of the district court of Creek county denying the plaintiff an injunction against the sheriff of that county.

It appears that H. M. Watchorn filed his action to cancel a money judgment procured in that court in another action. The General Finance & Sales Company claimed ownership of this judgment by assignment, and had caused a general execution to be issued and levied upon certain real estate.

Plaintiff sought to restrain the sheriff in process of satisfaction under the execution, and also asked that the judgment of the trial court be vacated.

It is from a dissolution of the temporary injunction and the judgment of the trial court refusing to vacate the former judgment, that the plaintiff appeals.

As to the order dissolving the temporary injunction, no error can be raised in this court for the reason that under the consistent rulings of our court in numerous cases, an appeal from the order dissolving temporary injunction must be had within 30 days from the date of said order. Moore v. City of Perry, 110 Okla. 8, 234 P. 625.

As to the judgment of the trial court refusing to vacate the former judgment entered, the plaintiff in error is properly before this court and has six months to appeal therefrom under the decisions of this court many times announced.

The plaintiff in error in several respects has failed to comply with rule 26 of this court as to abstracting the pleadings and the evidence, but we have waived the requirements of that rule and examined the case-made, together with the authorities cited, in order to determine the issues fully and decide the questions involved in this appeal.

The assignments of error are set out in a portion of the brief, but the plaintiff in error, at page 15 of his brief, argues but one specification of said assignments, and that is that the judgment of the court that the plaintiff in error was served with summons is against the clear weight of the evidence.

The evidence is not sufficiently abstracted on this point to inform the court fully as to all of the particulars of the service of said summons. But we have again gone into the case-made, and find that the judgment of the court and its findings thereon are well supported, and it will not be necessary to determine at this point whether an attack upon the summons such as made by the plaintiff in error was a collateral or a direct attack. The evidence sufficiently supports the ruling of the court thereon, and where the case is tried to the court and the evidence supports the findings of the court, this court will not interfere with said findings or a judgment based thereon. Milburn v. Milburn, 158 Okla. 69, 12 P. (2d) 518; Ross v. Fuller. 158 Okla. 255, 13 P. (2d) 127.

There appearing no other error in the case, the judgment of the court below is affirmed.

RILEY, C. J.. CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. ANDREWS and BAYLESS, JJ., absent.