WHITEHEAD v. WILLIAMS et al.

No. 32057. Jan. 29, 1946.

165 P. 2d 618.

J. E. Whitehead, of Fort Smith, Ark., per se.

R. A. Wilkerson, of Pryor, and Ben L. Murdock, of Tulsa, for defendants in error.

RILEY, J. This action was commenced October 8, 1943, by C. W. Williams et al. against Julia Whitehead, J. E. Whitehead, and others, including the county treasurer and board of county commissioners of Mayes county, to quiet title to certain lands. The action as to defendant Julia Whitehead sought the cancellation of a resale tax deed. As against other defendants, the action is to quiet title as to claims separate and apart from said resale tax deed. In their petition, plaintiffs tendered into court the amount of unpaid taxes.

On November 26, 1943, defendants J. E. Whitehead and Julia Whitehead appeared specially and moved the court to quash the summons by publication. This motion was overruled. Thereafter,

January 26, 1944, defendant Julia Whitehead filed written demand that plaintiffs be required to fulfill the tender and pay into court the full amount of all taxes, penalties, interest, and costs which they would be required to pay upon redemption of said land. Defendant Julia Whitehead indicated her willingness to accept the money so paid and allow her resale tax deed to be canceled. On the same day the court determined the amount necessary to be paid by plaintiffs in the sum of $186.11, and ordered payment within ten days upon penalty of dismissal. Plaintiffs' complied with the order by making payment into court.

On February 1, 1944, and before defendant J. E. Whitehead filed further pleading, plaintiffs dismissed as to defendant J. E. Whitehead and other defendants, but not including defendant Julia Whitehead. Thereafter, February 4, 1944, J. E. Whitehead filed an "answer and cross-petition". On March 27, 1944, he filed an amended cross-petition.

By the cross-petition, as amended, J. E. Whithead sought foreclosure of a mortgage covering the land. Plaintiffs filed a motion to strike the answer and cross-petition of J. E. Whitehead for the reason that plaintiffs had theretofore dismissed the action as to J. E. Whitehead. J. E. Whitehead opposed the motion. At hearing thereon, evidence was introduced to show that on March 16, 1944, there was $24.45 unpaid costs accrued in the case. There is no showing as to whether there were any unpaid costs on February 1, 1944, when the dismissal was filed. The court found that when plaintiffs filed their dismissal, J. E. Whitehead had filed no pleading for affirmative relief; that after the dismissal the case continued as to defendant Julia Whitehead. The court ordered the pleadings of J. E. Whitehead, subsequent to dismissal as to him, stricken.

J. E. Whitehead's motion for new trial was overruled and he appeals and contends for error because plaintiffs could only dismiss the action upon payment of all costs; that at the time of the filing of said dismissal there was $24.45 unpaid costs in the case.

12 O. S. 1941 § 684 provides:

"The plaintiff may, on payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action."

A dismissal of plaintiff's action is ineffective unless costs are paid. But section 684, supra, applies only where plaintiff dismisses his action as to all defendants. The statute has no application where plaintiff dismisses as to one or more of several defendants and leaves the action pending as to others. J. E. Whitehead was not a necessary party in the action based upon the alleged void resale tax deed. That feature of the case continued subject to liability for the costs.

The general rule is that plaintiff may, where the liability of defendants is joint and several, or several, dismiss the action as to some of the defendants and continue the action as to the remaining defendants. 27 C. J. S. 187; 18 C. J. 1164; 17 Amer. Jur. 78. When a suit has been dismissed as to one or more of several defendants, the latter cease to be parties to the record and such dismissal ousts' the court of jurisdiction as to such defendants. 18 C. J. 1170. When plaintiffs dismissed as to defendant J. E. Whitehead, he ceased to be a party; he had no right thereafter to file answer and cross-petition.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.