Emma HART, Individually and as Personal Representative and Sole Heir of Janet Sue Hart and Elisha Ruth Hart, Deceased, Appellant,

v.

JETT ENTERPRISES, INC., an Oklahoma Corporation, and Britton Edgar Wallen, an individual, and United States Fidelity and Guaranty Company, an insurance company, Appellees.

No. 58973.

Supreme Court of Oklahoma.

March 26, 1985.

As Corrected on Denial of Rehearing Sept. 22, 1987.

C. Elaine Hammons, Hammons & Hammons, El Reno, for appellant.

E.J. Meachem, Meachem, Meachem & Meachem, Clinton, for appellees.

DOOLIN, Vice Chief Justice.

Appeal heard specially on Motion to Dismiss Appeal.

Appellant, individually and as personal representative, brought an action for the wrongful death of her two daughters as a result of a collision between a car driven by her daughter, Janet Sue Hart, and a truck owned by Jett Enterprises, driven by Britton Edgar Wallen and insured by United States Fidelity and Guaranty. Appellant's Petition alleged negligence on the part of Wallen and negligent entrustment on the

part of Jett. Upon motion of Defendants, the trial court struck the allegation of negligent entrustment and allowed the case to proceed on the theories of Wallen's negligence and respondeat superior as to Jett.

The matter was tried to a jury which, on July 13, 1982, returned a verdict of $45,000 for the wrongful death of Appellant's daughter, Elisha Ruth Hart, who was a passenger in the car driven by her sister. In regard to Janet, however, the jury found her to have been 92% contributorily negligent and denied any recovery for her death. Following this verdict, on August 9, 1982, Defendants paid to Appellant the sum of $53,678.42 as payment in full of the $45,000 judgment together with pre-judgment interest and $2,174.67 as associated expenses, and in consideration of which Appellant executed a Release and Satisfaction of Judgment.

Thereafter, Appellant brought this appeal alleging error in the striking of her allegation of negligent entrustment, error in the court's instructions to the jury and error in the findings contained in the Journal Entry of Judgment.

Appellees have filed a Motion to Dismiss Appeal based on Appellant's acceptance of the amount of judgment and costs.

Appellant does not dispute her receipt of the money and execution of the release, but contends those acts were in regard to the award for the death of Elisha only and she is therefore not precluded from maintaining this appeal for errors regarding the verdict as to Janet. It is Appellant's claim she prosecuted two, severable causes of action, one for each daughter, and her acceptance of the benefits of judgment for

one does not affect her right to appeal as to the other. We do not agree.

■ Appellant acknowledges the generally accepted rule that actual payment of a judgment in full to a person authorized to receive it operates as a discharge of the judgment.[1] She argues, however, that since she was suing on behalf of two decedents, she had two, severable causes of action and so came within an exception to the rule as set out in *United Engines v. McConnell,*[2] which provides:

"[T]here is an exception to this general rule where the reversal of that part of the judgment appealed from cannot possibly affect the appellant's rights to the benefits secured or vested under that part of the judgment which was allowed to become final."

■ According to this exception, when a litigant obtains a recovery on one cause of action or theory of recovery, but not on another, then he or she may accept the benefit of the one and appeal the other, so long as there is no possibility the outcome of the appeal and/or new trial will, in any way, affect that cause of action or theory for which a benefit has been accepted.

■ However in the final analysis, we find nothing in the record nor any language in the Release and Satisfaction of Judgment which supports Appellant's contention that she treated her acceptance of Appellees' check as anything less than full and final settlement of this litigation in its entirety.[3] Examination of the Satisfaction of Judgment indicates that Emma Hart individually and as personal representative of *both daughters* exercised the Release and Satisfaction to say nothing of the attorney who also participated. We are of the opinion that satisfaction of judgment when

1. See: 47 Am.Jur.2d Judgments § 992.

2. 641 P.2d 1101 (Okl.1980).

3. RELEASE AND SATISFACTION OF JUDGMENT, Whereas, on July 15, 1982, the above named plaintiff, EMMA HART, individually ans as personal representative and sole heir of JANET SUE HART and ELISHA RUTH HART, deceased, obtained judgment in the above-entitled cause against the above named defendants for $45,000.00 and costs, and said judgment and costs have now been fully paid.

NOW THEREFORE, in consideration of the payment of said judgment the receipt of which is hereby acknowledged in the complete and final satisfaction of the judgment hereinabove mentioned, the plaintiff does hereby release and forever discharge defendants, and each of them, from any and all liability by reason of said judgment and the Court Clerk, Custer County, Oklahoma, is hereby directed to record and docket this Release and Satisfaction of Judgment upon the proper records and dockets of her office.

filed in the trial court pending appeal renders the appeal moot.[4]

MOTION TO DISMISS IS SUSTAINED.

LAVENDER, HARGRAVE, OPALA and SUMMERS, JJ., concur.

SIMMS, C.J., and HODGES, ALMA WILSON and KAUGER, JJ., dissent.

OPALA, Justice, with whom LAVENDER, Justice, joins, concurring.

The court dismisses this appeal because it is fraught with a fatal postural defect. Although I accede to the court's pronouncement and its judgment, I write separately to articulate some *added* reasons for my general concurrence.

This was an action to recover for the wrongful death of Mrs. Hart's (appellant) two daughters, Janet Sue and Elisha Ruth. The jury's verdict allowed a $45,000 award for Elisha Ruth but no recovery for Janet Sue. The defendants paid the judgment in full. Its release and satisfaction is of record below and here.

No appeal lies from a judgment shown to have been released and satisfied. When a released judgment is tendered for appellate review, it presents but an abstract or hypothetical question.[1]

Appellant denies that the judgment on the verdict disallowing recovery for Janet Sue's death was included in her release and satisfaction. This argument is contradicted by the plain record. Her release and satisfaction unequivocally shows that it extends to the *entire judgment* rather than merely to some part of it. If appellant was in fact fraudulently induced into relinquishing more than she intended or bargained for, she should have attempted *below* to vacate or amend the release and satisfaction as a voidable instrument.[2] The legal consequences of her instrument might also have been avoided by proof, adduced in a proper proceeding *below*, showing that the release and satisfaction (a) was entered without appellant's authority; (b) was given by inadvertence or mistake; or (c) was unsupported, either in whole or in part, by any consideration.[3]

The record here reflects no effort made by the appellant to proceed in the trial court for vacation, amendment or modification of the release and satisfaction placed of record below.[4] It is too late to do it now.[5] The appellant should have timely cured the defect or supplied the deficiency that is fatal to her quest for corrective relief.[6]

I hence accede to the court's dismissal of the instant appeal.

**4.** *Bateman v. Riner,* 170 Okl. 13, 38 P.2d 581 (1935); where the judgment below has been satisfied, writ of error will be dismissed. *Duncan v. Ratliff,* 63 Okl. 19, 161 P. 1174 (1916); where pending the appeal the judgment appealed from is satisfied and released below, the appeal will be dismissed because it presents only abstract or hypothetical questions for determination, from which no actual relief can follow. See also, *Tinker v. McLaughlin-Farrar Co.,* 29 Okl. 758, 119 P. 238 (1911).

**1.** *Bateman v. Riner,* 170 Okl. 13, 38 P.2d 581 [1935]; *Duncan v. Ratliff,* 63 Okl. 19, 161 P. 1174 [1916]; see also, *Tinker v. McLaughlin-Farrar Co.,* 29 Okl. 758, 119 P. 238 [1911].

**2.** *Lambert v. Hill,* 181 Okl. 225, 73 P.2d 124, 127 [1937].

**3.** *Sneary v. Nichols and Shepard Co.,* 70 Okl. 133, 173 P. 366, 368 [1918].

**4.** *Ward v. Coleman,* 170 Okl. 201, 39 P.2d 113 [1935].

**5.** *Eckel v. Adair,* Okl., 698 P.2d 921, [1984] and *In re Hess' Estate,* Okl., 379 P.2d 851, 859 [1963].

**6.** *Owens v. Luckett,* 192 Okl. 685, 139 P.2d 806, 807 [1943] and *Eckel v. Adair, supra* note 5.