Kriscinda BESECKER, aka
Chilbert, Appellant,

v.

Paul J. CHILBERT, Appellee.

No. 84323.

Supreme Court of Oklahoma.

Nov. 10, 1994.

*ORDER*

Appellee's motion to dismiss is denied. This appeal was timely commenced within 30 days of the filing of an order prepared in conformance with 12 O.S.Supp.1993 § 696.3, 12 O.S.Supp.1993 § 990A. The trial court's March 1 ruling was not prepared in conformance with 12 O.S.Supp.1993 § 696.3, *Mansell v. City of Lawton,* 877 P.2d 1120 (Okl.1994).

HODGES, C.J., LAVENDER, V.C.J., and ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

SIMMS, HARGRAVE and OPALA, JJ., dissent.

1. *See* appendix "A" to this writing for the full text of the March 1, 1994 entry.

2. The pertinent terms of 12 O.S.Supp.1993 § 696.3, effective October 1, 1993, are:

"A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:
1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;
2. A statement of the disposition of the action, proceeding, or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
3. The signature and title of the court; ...."

3. The term *"minute order"* is an oxymoron having *no legal meaning. Minute entries are not now and have never been orders. See Rodgers v. Higgins,* Okl., 871 P.2d 398, 407–408 (1993); *Hulsey v. Mid–America Preferred Ins. Co.,* Okl., 777 P.2d 932, 935 (1989); *Miller v. Miller,* Okl., 664 P.2d 1032, 1034 (1983); *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332, 1335 (1981); *State v. Froese,* 200 Okl. 486, 197 P.2d 296, 298

OPALA, Justice, dissenting.

*Concluding that the appellant's petition in error was timely brought,* the court ignores the *substance* of the trial court's March 1, 1994 post-decree entry[1] and holds that it does not trigger appeal time because it is not in *literal* compliance with *all* of the 12 O.S.Supp.1993 § 696.3 requirements.[2] I cannot accede to the court's view. The March 1 memorial, while called a "minute order,"[3] is obviously a *recordable entry* when measured by 12 O.S.1991 § 24 standards.[4] It *substantially* meets *all* the § 696.3 requirements for triggering appeal time.

This court stands committed to the view that, once an appealable event has occurred, a trial judge is utterly without authority to extend appeal time by any means or in any manner, direct or oblique.[5] Appeal time's trigger is a law-driven mechanism which is beyond the reach of human tinkering. In derogation of this legal principle, today's holding confers a license upon the drafter of

(1948). This tenet has been codified by the 1993 amendments to the Judgment Act. *See* 12 O.S.Supp.1993 § 696.2.C. which provides in pertinent part:
"The following shall not constitute a judgment, decree or appealable order: *A minute entry....*" [Emphasis added.]

4. "Recordable" means that by force of 12 O.S. 1991 § 24 an instrument meeting that section's criteria must be *entered* on or *"recorded"* in the court's journal. The clerk may "enter" only that which is *"on file".* The pertinent terms of 12 O.S.1991 § 24 are:
"Upon the journal record required to be kept by the clerk of the district court in civil cases ... shall be *entered* copies of the following instruments *on file:*
1. All items of process by which the court acquired jurisdiction of the person of each defendant in the case; and
2. *All instruments filed in the case that bear the signature of the judge and specify clearly the relief granted or order made."* [Emphasis added.]

5. *See Herring v. Wiggins,* 7 Okl. 312, 54 P. 483 (the court's syllabus ¶ 1) (1898); *Bellamy v. Washita Valley Telephone Co.,* 25 Okl. 792, 108 P. 389 (the court's syllabus ¶ 2) (1910); *Philbrock v.*

a memorial to prevent it from triggering appeal time by simply inserting "minute" into its title or text.

For a detailed explanation of my views, see *Aven v. Reeh*[6] and *Mansell v. City of Lawton.*[7]

EXHIBIT A–1

IN THE DISTRICT COURT OF CLEVELAND COUNTY

STATE OF OKLAHOMA

KRISCINDA CHILBERT

Plaintiff,

vs.

PAUL J. CHILBERT

Defendant.

Case No. JFD 88–686 BH

Filed March 1, 1994.

***MINUTE ORDER***

The parties, having submitted all issues for factual and legal determination to this Court on proposed stipulations and offers of proof, finds as follows:

1. This Court has personal and subject matter jurisdiction and venue over all issues and parties;

2. The Oklahoma Child Support Guidelines apply, the Court finding Plaintiff's gross income to be $954.00 per month, and Defendant's gross monthly income to be $4,100.00, with payor entitled to receive appropriate credit for medical insurance of $112.00 per month; Plaintiff's proposed child support computation is approved as submitted;

3. The original decree of divorce was modified by the Superior Court, State of Arizona, April 23, 1993, and since that time there has been a substantial change of condition, and this Court finds this Defendant has complied with the Arizona court's request concerning parenting class evaluation and completion reports, to the extent that the divorce decree should be further modified to reflect as follows, to wit:

(a) Court approves Defendant's proposed paragraph no. "4", to be unsupervised;

(b) child support modification per above order to be effective, with first payment in March, 1994;

(c) child support shall be abated only during the period of Defendant's summer visitation;

(d) both parties shall notify the other of any change of address or telephone number within five (5) days of any change;

(e) the defendant is granted the federal and state income tax deduction for Travis Chilbert and Kristin Chilbert, and the Plaintiff is granted the federal and state income tax deduction for Kayce Chilbert and Kimberly Chilbert, beginning with tax year 1994;

(f) the Oklahoma Child Support Guidelines shall be modified automatically to provide for Plaintiff's inclusion of any reasonable child care expenses for the minor children which enable her to maintain full time employment, meaning more than thirty (30) hours per week, with Plaintiff having the obligation to provide day care receipts showing payment

*Home Drilling Co.*, 117 Okl. 266, 246 P. 457 (the court's syllabus ¶2) (1926); *Sowers v. Archer*, 161 Okl. 148, 17 P.2d 422, 423 (1932); *Starr v. Woods*, 162. Okl. 242, 19 P.2d 561, 562 (1933); *Watchorn v. General Finance & Sales Co.*, 162 Okl. 203, 19 P.2d 566 (the court's syllabus ¶2) (1933); *Manos v. Leche*, 205 Okl. 213, 236 P.2d 693, 695 (1951); *Salyer v. National Trailer Convoy, Inc.*, Okl., 727 P.2d 1361, 1362 n. 2 (1986);

*Grant Square Bank & Trust Co. v. Werner*, Okl., 782 P.2d 109, 111 n. 4 (1989).

6. *Aven v. Reeh*, Okl., 878 P.2d 1069, 1071 (1994) (Opala, J., dissenting).

7. *Mansell v. City of Lawton*, Okl., 877 P.2d 1120, 1121 (1994) (Opala, J., dissenting).

by Plaintiff of such day care within fourteen (14) days of payment, with Defendant to pay his proportionate share to Plaintiff within thirty (30) days from receipt of such notice of payment;

(g) Defendant is not entitled to any credits for purposes of child support computation for any telephone visitation expense or travel expense;

(e) The Court's prior order concerning telephone conferences and communications with the minor children remains in full force and effect, and the parties are ordered to pick a specific time per week when the children will be available for such telephone conversation to the extent the children desire, uninhibited by Plaintiff;

4. All other unmodified orders shall remain in full force and effect.

IT IS SO ORDERED this 28th day of Feb., 1994.

/s/ William C. Hetherington, Jr.
William C. Hetherington, Jr.
Judge of the District Court

### CERTIFICATE OF MAILING

I hereby certify on this 1st day of March, 1994, I mailed a true and correct copy of the foregoing instrument to the following:

Kriscinda Besecker
1017 S. Morgan Dr.
Moore, OK 73160

Rick L. Denker
Attorney at Law
4308 N.W. 23rd St.
Oklahoma City, OK 73107

/s/ William C. Hetherington, Jr.
William C. Hetherington, Jr.