**2016 OK CIV APP 45**

**CHARLES SANDERS HOMES, INC., Plaintiff/Appellee,**

v.

**COOK AND ASSOCIATES, ENGINEERING, INC. and Justin Cook, an individual, Defendants/Appellants,**

and

**Romaco, LLC; Occupants of the Premises; Board of County Commissioners and the County Treasurers of Tulsa County, State of Oklahoma, Defendants.**

**Case No. 112,323**

Court of Civil Appeals of Oklahoma,
**DIVISION II.**

Filed: December 23, 2015

Mandate Issued: July 18, 2016

---

946

Scott R. Eudey, Melinda A. Aycock, Ross & Eudey, PLLP, Broken Arrow, Oklahoma, for Plaintiff/Appellee.

Lawrence D. Taylor, Tulsa, Oklahoma, for Defendants/Appellants.

OPINION BY JOHN F. FISCHER, PRESIDING JUDGE:

¶1 Cook and Associates and Justin Cook appeal various post-judgment rulings and an amended judgment in their effort to avoid liability for the deficiency after a sheriff's

sale in this mortgage foreclosure action. The Cooks received the required notice of the hearing on the motion to determine their deficiency, which was not constitutionally defective. Therefore, the district court did not err in denying the Cooks' September 11, 2013 motion to vacate the deficiency orders, and the order reflecting that ruling is affirmed. Appeal of the remaining rulings is either premature or time barred.

## BACKGROUND

■ ¶2 Charles Sanders Homes, Inc. (Homes) sold commercial property to Cook and Associates in 2006. In partial satisfaction of the purchase price, Cook and Associates and Justin Cook signed a promissory note secured by a real estate mortgage on the property. When the note was in default, Homes sued to collect the balance due and foreclose its mortgage. Judgment was granted to Homes, and the property was sold at sheriff's sale for less than the amount of the judgment. The matter was then set for hearing to determine the amount of the deficiency for which Cook and Associates and Justin Cook would be liable. The amount of the Cooks' deficiency was determined to be $93,769.78. A Default Deficiency Judgment against Cook and Associates was filed October 30, 2012, and a Default Deficiency Judgment against Justin Cook was filed February 6, 2013.[1] The Cooks filed motions to vacate these deficiency orders and a motion to reconsider the denial of one of those motions. They appeal the adverse rulings on those motions and an Amended Journal Entry of Deficiency Judgment against Justin Cook filed on October 18, 2013. For the reasons stated in this appeal, we find that only the January 22, 2014 Journal Entry of Final Order denying the Cooks' September 11, 2013 motion to vacate is subject to appellate review.

## STANDARD OF REVIEW

■ ¶3 A motion to vacate a judgment "is addressed to the sound legal discretion of the

trial court and the order made thereon will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." *Hassell v. Texaco, Inc.*, 1962 OK 136, ¶14, 372 P.2d 233. "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶13, 171 P.3d 890 (footnote omitted).

## ANALYSIS

■ ¶4 The intended scope of the Cooks' appeal is unclear. Part II of the Amended Petition in Error identifies the October 18, 2013 Amended Journal Entry of Deficiency Judgment against Justin Cook and two January 22, 2014 final orders as the decisions appealed. Part IV states that "three journal entries of 'final orders'" are attached as Exhibit A. However, Exhibit A lists five orders: the October 30, 2012, and February 6, 2013 Default Deficiency Judgments; the October 18, 2013 Amended Journal Entry of Deficiency Judgment against Justin Cook; the January 22, 2014 Journal Entry of Final Order denying the Cooks' September 11, 2013 motion to vacate; and the January 22, 2014 Journal Entry of Final Order denying their motion to reconsider. A copy of each of those decisions is attached to Exhibit A to the Amended Petition in Error. Those decisions and the precipitating motions often confuse which defendant is the movant and the subject matter of the motion or decision. We treat those documents as their substance requires. *Horizons, Inc. v. KEO Leasing Co.*, 1984 OK 24, ¶4, 681 P.2d 757. Further, the Cooks direct their appellate briefing only to assignments of error in refusing to vacate the deficiency judgments. Issues not supported by argument and authority in a party's brief may be deemed waived. *In re Estate of Walker v. Walker*, 1985 OK 2, ¶4, 695 P.2d 1; Okla. Sup. Ct. R. 1.11(k)(1), 12 O.S. Supp. 2013, ch. 15, app. 1. Subject to these constraints, we will address

---

1. The determination of the deficiency in a mortgage foreclosure proceeding does not result in a judgment. *Mehojah v. Moore*, 1987 OK CIV APP 43, 744 P.2d 222 (Approved for Publication by the Supreme Court); *Neil Acquisition, L.L.C. v.* *Wingrod Inv. Corp.*, 1996 OK 125, n. 6, 932 P.2d 1100. Although referred to as a judgment by custom and practice, it is "a post-judgment deficiency order." 12 O.S.2011 § 686.

the appealability of each of the five decisions attached to the Cooks' Amended Petition in Error and the arguments tendered for reversal of those decisions.

## I. The Initial Proceedings

¶ 5 Homes filed its foreclosure petition on February 12, 2012. Both Cook and Associates and Justin Cook were served with the petition on March 9, 2012, but chose not to appear or defend the action. Judgment was granted to Homes on May 17, 2012, against each of the defendants in the amount of $279,769.78. No appeal was taken and that judgment is final. See *Funk v. Payne*, 1938 OK 270, 183 Okla. 332, 82 P.2d 976 (in order to assert errors in a judgment of foreclosure it is necessary to appeal from that judgment); *First Nat'l Bank of Tulsa v. Colonial Trust Co.*, 1917 OK 360, 66 Okla. 106, 167 P. 985 (a judgment of foreclosure is final if not appealed). Therefore, the fact of Cook and Associates' and Justin Cook's liability to Homes and the amount of that liability, subject to appropriate offsets, has been determined and is not challenged in this appeal.

¶ 6 After the May 17, 2012 judgment was entered, three appraisers were appointed as required by law and the property was appraised at $279,000. The property was then ordered to be sold at sheriff's sale. The Cooks did not appear at the sheriff's sale or submit a bid, and the property was sold to Homes. The order confirming the sheriff's sale recites that the property was sold for a purchase price of $186,000, the sale conformed to law and the order of the court, Homes was the highest and best bidder, and the price paid was not disproportionate to the total value of the property. The order confirming that sale was filed August 28, 2012, and not appealed. The Cooks have not challenged the order confirming the sheriff's sale in this appeal.

¶ 7 After the sheriff's sale, the matter was set for hearing to determine the amount of the deficiency for which Cook and Associates and Justin Cook would be liable. Cook and Associates was served but chose not to appear at the hearing. A Default Deficiency Judgment against Cook and Associates in the amount of $93,769.78 was filed October 30, 2012. Homes concluded that it had not obtained service of its motion to determine deficiency on Justin Cook by the time the Cook and Associates deficiency order was entered. Homes subsequently obtained the district court's approval to serve Justin Cook by publication. Service by publication was made and the matter was set for hearing on the deficiency owed by Justin Cook. He did not appear at that hearing. On February 6, 2013, a Default Deficiency Judgment in the amount of $93,769.78 was filed against Justin Cook. No motion for new trial or term-time motion to vacate was filed to challenge either of these post-judgment deficiency orders.

## II. The First Motion to Vacate

¶ 8 On June 18, 2013, Cook and Associates filed a motion to vacate the October 30, 2012 deficiency order. Although Justin Cook joined in this motion, only the October 30, 2012 deficiency order against Cook and Associates is sought to be vacated and only that order is attached to the motion to vacate. Consequently, the June 18, 2013 motion to vacate did not seek to vacate the February 6, 2013 deficiency order against Justin Cook.

¶ 9 The June 18, 2013 motion to vacate relied on 12 O.S.2011 § 1031(3) and argued "irregularity in obtaining a judgment or order." Cook and Associates contended "irregularity" resulted from the district court's use of the $186,000 sheriff's sale price rather than the $279,000 appraised value when determining the amount of the deficiency it would be liable for after the sale. It asserted that the only evidence from which the district court could have determined the "fair and reasonable market value" of the property as required by 12 O.S.2011 § 686 was the appraised value reflected on the return filed by the appraisers.

¶ 10 On July 26, 2013, the district court entered a "Minute Order" denying the June 18, 2013 motion to vacate. Although it contains the word "Order" in its title, the district court's July 26 filing is not an order. If a filing "bears a title in some form using the word 'minute', and otherwise meets the description of a minute, we believe the Legislature intended it not to be appealable...."

*Mansell v. City of Lawton*, 1994 OK 75, ¶ 3, 877 P.2d 1120. A "minute" is the internal abstract of court proceedings posted on the case appearance docket and is distinct from a court order. *Id.* ¶ 4 (Opala, J., concurring in result). *Accord Manning v. State ex rel. Dep't of Pub. Safety*, 1994 OK 62, ¶ 5, 876 P.2d 667. "Pursuant to [12 O.S.2011 § 696.2(C)] a minute entry, even though it might meet the other requirements of § 696.3, is not an appealable order or judgment." *Corbit v. Williams*, 1995 OK 53, ¶ 8, 897 P.2d 1129. *Accord Alexander v. Alexander*, 2015 OK 52, 357 P.3d 481. Consequently, the July 26, 2013 minute may have documented the district court's disposition of the June 2013 motion to vacate, but it was not the order denying that motion despite the fact that it was titled "Minute Order." *Besecker v. Chilbert*, 1994 OK 125, 887 P.2d 1286 (ruling titled "Minute Order" was not prepared in conformance with section 696.3 specifying the requirements for appealable orders).

¶ 11 Nonetheless, on September 11, 2013, Cook and Associates filed a motion to reconsider the district court's July 26 ruling. That motion was denied in another "Minute Order" filed October 8, 2013, which the Cooks attached to the original petition in error. Pursuant to an order of the Supreme Court, the October 8, 2013 "Minute Order" was memorialized in a Journal Entry of Final Order filed January 22, 2014, and is attached to the amended petition in error.

¶ 12 Cook and Associates' appeal of the district court's January 22, 2014 Journal Entry of Final Order denying its September 2013 motion to reconsider must be dismissed. There has never been an appealable order entered disposing of Cook and Associates' June 18, 2013 motion to vacate. The January 22, 2014 Final Order only memorializes the district court's disposition of the September 11, 2013 motion to reconsider the July 26, 2013 minute entry. And, although the July 26, 2013 minute entry documents the district court's denial of Cook and Associates' June 18, 2013 motion to vacate, until formalized as

an appealable order it remains "subject to revision at any time before the final judgment, decree, or final order ... is filed with the court clerk." 12 O.S.2011 § 994(A). As previously discussed, the July 26, 2013 minute entry is not an appealable order. "A judgment or appealable order conforming to § 696.3 is 'a jurisdictional prerequisite to the commencement of an appeal.'" *Mansell v. City of Lawton*, 1994 OK 75, ¶ 3, 877 P.2d 1120 (quoting statutory language currently found at 12 O.S.2011 696.2). Cook and Associates' appeal of the January 22, 2014 Journal Entry of Final Order denying its September 2013 motion to reconsider the July 26, 2013 ruling is premature and, therefore, dismissed.

### III. The Second Motion to Vacate

¶ 13 In addition to the motion to reconsider, the Cooks also filed a separate motion on September 11, 2013 denominated as a motion to vacate. That motion is directed at the October 30, 2012 deficiency order against Cook and Associates and the February 6, 2013 deficiency order entered against Justin Cook. The district court denied that motion in a separate Journal Entry of Final Order also filed on January 22, 2014.[2]

¶ 14 In their second motion to vacate, the Cooks argue the deficiency orders are void because the notice of the deficiency hearings was constitutionally defective. They contend that the notice was defective because it did not state that a number other than the appraised value of the property would be used to determine their deficiency liability. Although they filed their second motion to vacate more than thirty days after either of the deficiency orders, the Cooks argue that a void judgment can be vacated at any time. They are correct. A "void judgment, decree or order may be vacated at any time...." 12 O.S.2011 § 1038. *See also Halliburton Oil Producing Co. v. Grothaus*, 1998 OK 110, n. 11, 981 P.2d 1244 (judgment void on the face of the judgment roll can be vacated at any

---

**2.** The entry of this January 22, 2014 final order was preceded by an October 8, 2013 "Minute Order" denying the Cooks' September 2013 motion to vacate. Pursuant to the Supreme Court's direction, the October 2013 minute entry was memorialized and filed on January 22, 2014, and is the order appealed.

time). A judgment is "facially void" if the judgment roll does not show that the district court had (1) jurisdiction of the subject matter, (2) jurisdiction of the person, and (3) the power to render the judgment sought to be vacated. *Booth v. McKnight*, 2003 OK 49, ¶ 11, 70 P.3d 855. Subject matter and personal jurisdiction are not at issue. The Cooks' argument is focused on the third requirement.

¶ 15 The Cooks argue that the district court obtains the power to render a deficiency order only if the judgment debtor receives constitutionally effective notice of the deficiency hearing. They concede that they received notice of the hearings on Homes' two motions for a deficiency order. In fact, they refer to five separate notice filings they received concerning those hearings. But, they argue that the notice they received was defective because each of the filings only informed them that the appraised value of the property would be used in determining their deficiency, not two-thirds of that amount, the value that was actually used.

 ¶ 16 The Cooks' motion cites *Booth* for the proposition that:

> While the core element of due process is the right to be heard, that element would have no value unless advance notice is afforded of the hearing at a meaningful time and in a meaningful manner. The person to be affected must be fairly and timely apprised of what interests are sought to be reached by the triggered process. Notice and opportunity to be heard must be provided in such a way that a person can intelligently decide in advance whether to appear at the hearing and contest the matters in issue or acquiesce in their in absentia resolution and assume the risk from consequences attendant upon a default.

*Id.* ¶ 18 (footnotes omitted). In *Booth*, heirs received notice of a hearing to approve the final account in a probate proceeding. The notice, however, did not inform them that property of the estate would be distributed in a manner different than that directed by the will. The omission of that critical fact rendered the notice constitutionally defective. "At the bare minimum, a constitutionally ad-

equate notice must apprise one of the antagonist's pressed demands and of the result consequent upon default." *Id.* ¶ 20 (original emphasis omitted).

¶ 17 The facts in *Booth* are not present here. Even the Cooks' selective and inaccurate report of the contents of the notices they received fails to establish any constitutional defect. For example, the second motion to vacate asserts that the "Notice and Order of Hearing for Deficiency Judgment filed December 20, 2012: served on Justin Cook by publication only ... stated that Justin Cook was liable for a deficiency amount '... **which is the difference between the appraised value of the Party [sic] on the Sale Date and the full amount of the debt to Plaintiff....**'" (emphasis in original). That recitation misrepresents the record. The December 20, 2012 notice actually states that the deficiency will be determined by "the difference between **the fair market value** of the Party [sic] as of the Sale Date and the full amount of the debt owed to Plaintiff...." (Emphasis added). That same language appears in the notice published in the newspaper as reflected in the Publisher's Affidavit. Neither instrument contains the phrase "appraised value."

¶ 18 Further, the phrase "appraised value" does not appear in any of the four other notice filings that the Cooks claim, in their September 11, 2013 motion to vacate, informed them that only the appraised value would be used to determine their deficiency.

- The Notice of Sheriff's Sale. This notice states that the property had been appraised at $279,000, and the sheriff "will offer for sale and sell [the property] for cash at public auction to the highest and best bidder." Although served with this notice, the Cooks chose not to appear or otherwise offer a bid for the property.

- The order confirming the sheriff's sale. This order recites that (1) the property was sold for a purchase price of $186,000; (2) the sale conformed to law and the order of the court; (3) Homes was the highest and best bidder; and (4) the price paid was not disproportionate to the total value of the proper-

ty. The Cooks did not appear at the confirmation hearing or otherwise object to entry of the order confirming the sheriff's sale.

- The Motion for Deficiency Judgment. This motion states that (1) the property was sold for $186,000; (2) the fair market value of the property was less than the debt owed by the Cooks; and (3) the deficiency would be measured by "the difference between (a) the fair market value of the Property as of the Sale Date and (b) the full amount of the debt owed to Plaintiff...."

- The order for a hearing on Homes' Motion for Deficiency Judgment. This order states that the Cooks may appear at the hearing "and show cause why the Court should not grant Plaintiff's Motion and enter Deficiency Judgment" against them. Again, the Cooks chose not to appear or offer any cause as to why a deficiency order should not be entered against them.

¶ 19 The purpose of the hearing on a motion for deficiency is to have a "judicial determination of the difference between the amount of the judgment entered in the lawsuit and the fair market value of the mortgaged premises on or near the date of the sale." *Mehojah v. Moore,* 1987 OK CIV APP 43, ¶ 15, 744 P.2d 222 (Approved for Publication by the Supreme Court). Nothing in the judgment roll shows that the Cooks were not fully apprised of this purpose through the notices admittedly received. Nothing in the judgment roll shows that the notices received by the Cooks informed them or even suggested that only the appraised value would be used to determine the fair market value of the property. Consequently, the Cooks have failed to show that the district court erred in denying their motion to vacate based on alleged lack of effective notice. The district court's January 22, 2014 Final Order denying

the Cooks' September 11, 2013 motion to vacate is affirmed.

### IV. Appeal of October 18, 2013 Amended Journal Entry of Deficiency Judgment

¶ 20 Justin Cook also purports to appeal the Amended Journal Entry of Deficiency Judgment against him filed on October 18, 2013.[3] In the September 11, 2013 motion to vacate, the Cooks had suggested that the February 6, 2013 Default Deficiency Judgment against Justin Cook did not contain language documenting the district court's finding that service by publication on Justin Cook was warranted as required by Oklahoma District Court Rule 16, 12 O.S. 2011, ch. 2, app. This point was not addressed in the "Legal Argument and Citations of Authority" section of their motion. Nonetheless, an October 7, 2013 minute entry on the appearance docket denying the Cooks' September 11, 2013 motion to vacate states: "Plaintiff is allowed to file an amended journal entry with mandatory Rule 16 language as to publication notice...." On October 18, 2013, Homes filed an Amended Journal Entry of Deficiency Judgment. If that filing constituted a separate judgment, the Cooks' November 12, 2014 petition in error was timely to preserve appellate review of that document. We find, for the following reasons, that the October 18, 2013 filing does not constitute a separate judgment.

¶ 21 On December 13, 2012, Homes filed a motion for authorization to serve Justin Cook by publication. That motion stated facts concerning Homes' previous efforts to serve Justin Cook, was verified by counsel for Homes and was supported by the affidavit of the process server employed by Homes to serve Justin Cook by conventional methods. On December 20, 2012, the district court entered an order authorizing service by publication on Justin Cook finding that it was "satisfied that it is impossible or impracticable to make

---

**3.** That document concludes by finding that Homes is entitled to a "default deficiency judgment against Defendant, Cook and Associates Engineering, Inc. ...." However, it is clear from the remainder of the document and the judgment roll that the October 18, 2013 Amended Journal of Deficiency Judgment is intended to relate to

the deficiency order entered against Justin Cook. "The meaning of a judgment is to be divined from the terms expressed in the instrument as construed with other parts of the judgment roll." *Timmons v. Royal Globe Ins. Co.,* 1985 OK 76, n. 6, 713 P.2d 589.

personal service of Motion for Deficiency Judgment on Defendant, Justin Cook, an individual." The February 6, 2013 Default Deficiency Judgment against Justin Cook recites that he was served by publication as authorized by the district court "upon satisfactory proof that it was impossible or impracticable to make personal service of the Motion for Deficiency Judgment upon Justin Cook, an individual." The February 6, 2013 Default Deficiency Judgment then recites the details of the publication service and that Justin Cook failed to appear and is in default. However, the February 6, 2013 Default Deficiency Judgment does not contain the language District Court Rule 16 states "should" be included in such circumstances.[4] The October 18, 2013 Amended Journal Entry of Deficiency Judgment does contain this language.

¶ 22 A district court has inherent power through entry of a judgment nunc pro tunc to correct the record so that it accurately reflects the judgment actually pronounced. *Murray v. Murray*, 1959 OK 188, ¶¶ 19–20, 349 P.2d 504. The October 18, 2013 Amended Journal Entry of Deficiency Judgment merely documents what the district court had previously found but not completely stated in its February 6, 2013 Default Deficiency Judgment against Justin Cook, i.e., after the exercise of due diligence and a meaningful search of all reasonably available sources at hand, Homes was unable to obtain service on Justin Cook except by publication. Consequently, the October 18, 2013 Amended Journal Entry of Deficiency Judgment is not a separate judgment but a correction of the February 6, 2013 Default Deficiency Judgment against Justin Cook to include the Rule 16 language. "A judgment entered nunc pro tunc is retrospective, and has the same force and effect as if entered at the time judgment was rendered." *Glasgow v. Fox*, 1988 OK 71, ¶ 9, 757 P.2d 836. Justin Cook's time to appeal the deficiency order against him ended

thirty days after the Default Deficiency Judgment was filed on February 6, 2013, the "appealable event" against him individually. *Id.* ¶ 11.

¶ 23 Therefore, the only issues preserved by Justin Cook for review in this appeal are those issues raised in his September 11, 2013 motion to vacate the February 6, 2013 Default Deficiency Judgment. His appeal cannot reach the merits of the February 6, 2013 deficiency order. "In an appeal from a motion to vacate, this Court does not look to the original judgment, but to the correctness of the court's response to the motion to vacate." *Yery v. Yery*, 1981 OK 46, ¶ 14, 629 P.2d 357. "In appeals lodged from an adverse order entered in a postjudgment vacation proceeding, errors which may be reviewed are confined to those in granting or denying relief sought upon the grounds advanced and the evidence presented." *Stites v. DUIT Constr. Co., Inc.*, 1995 OK 69, ¶ 25, 903 P.2d 293 (footnote omitted). As a result, we do not address the argument that the district court erred in using the sheriff's sale price rather than the appraised value of the property when determining the Cooks' deficiency liability.

## CONCLUSION

¶ 24 The procedural intricacies of this appeal are complicated, but ultimately one issue was preserved for appellate review. The Cooks received the constitutionally required notice of the hearing on Homes' motions for a deficiency order. The district court's January 22, 2014 Final Order denying the Cooks' September 11, 2013 motion to vacate is affirmed. The Cooks' appeal of the January 22, 2014 Journal Entry of Final Order denying their September 11, 2013 motion to reconsider is dismissed as premature.

---

4. If, after hearing the evidence the judge finds that plaintiff did in fact exercise due diligence in conducting a meaningful search, the following recitation should be included in the journal entry of judgment:

> The Court conducted a judicial inquiry into the sufficiency of plaintiff's search to determine the names and whereabouts of the defendants who were served herein by publication,

and based on the evidence adduced the Court finds that plaintiff has exercised due diligence and has conducted a meaningful search of all reasonably available sources at hand. The Court approves the publication service given herein as meeting both statutory requirements and the minimum standards of state and federal due process.

Okla. Dist. Ct. R. 16, 12 O.S.2011, ch. 2, app.

¶25 APPEAL DISMISSED IN PART, AFFIRMED IN PART.

GOODMAN, V.C.J., and WISEMAN, J., concur.