IN THE MATTER OF L.C.P.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN THE MATTER OF L.C.P.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN THE MATTER OF L.C.P.
2019 OK CIV APP 34
Case Number: 117375
Decided: 05/29/2019
Mandate Issued: 06/26/2019
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2019 OK CIV APP 34, __ P.3d __

 

IN THE MATTER OF L.C.P., an alleged deprived child,

DEMECOS TIJUAN DORSEY, Appellant,
v.
STATE OF OKLAHOMA, Appellee.

APPEAL FROM THE DISTRICT COURT OF
KAY COUNTY, OKLAHOMA

HONORABLE JENNIFER BROCK, TRIAL JUDGE

REVERSED

C. Scott Loftis, LOFTIS LAW FIRM, Ponca City, Oklahoma, for Appellant

Linque Hilton Gillett, LINQUE HILTON GILLETT, LAW OFFICE, P.L.L.C., Oklahoma City, Oklahoma, for Dierdre Michelle Carter

JERRY L. GOODMAN, JUDGE:

¶1 Demecos Tijuan Dorsey (Father) appeals from an August 22, 2018, order of the trial court denying his motion to vacate a judgment terminating his parental rights entered after he failed to appear at a termination hearing. The issue on appeal is whether the trial court abused its discretion when it refused to vacate the order terminating his parental rights. After review of the record and applicable law, we find the trial court should have granted the motion to vacate the termination order. We therefore reverse the order under review.

BACKGROUND

¶2 On May 23, 2016, the State of Oklahoma filed a petition to adjudicate the minor child, LP, deprived upon allegations of lack of proper parental care or guardianship. The petition provided LP was not residing with Father and that Father failed to provide LP with appropriate caregivers, in that the caregivers did not provide a safe and sanitary home and were using illegal drugs.[1] In addition, Father had been abusing drugs and had a history of domestic violence. Father stipulated to the deprived petition on June 2, 2016, and an Individualized Service Plan (ISP) was adopted.

¶3 Father made great progress in completing the ISP and trial reunification was implemented. However, on November 10, 2016, the Department of Human Services (DHS) filed a request for termination of trial reunification, asserting Father had been arrested during a drug bust at his home.

¶4 On July 6, 2017, State filed a petition to terminate Father's parental rights pursuant to 10A O.S.2011 and Supp. 2015, § 1-4-904(B)(5) (failure to correct conditions that led to the deprived adjudication). Father was personally served with Summons and Notice on July 7, 2017, while in state custody. The notice advised Father that failure to appear could result in termination of his parental rights. Father and his counsel appeared before the trial court on July 27, 2017, to answer State's petition. Father requested a jury trial. The trial court ordered the parties to mediation, continued the hearing to September 7, 2017, and advised Father that failure to appear could result in termination of his parental rights.

¶5 On September 7, 2017, Father appeared with counsel before the trial court and advised that mediation had not occurred. Father requested a continuance which the court granted until October 26, 2017. Father was again advised that failure to appear could result in termination of his parental rights by default.

¶6 On October 26, 2017, Father's counsel informed the trial judge prior to the hearing that Father was in the Department of Corrections (DOC) custody. At the hearing, a motion to vacate the order for mediation was filed, which the court took under advisement. The hearing was ultimately continued until December 7, 2017. Neither Father nor his attorney appeared at the December 7, 2017, hearing. The trial court deemed the failure to appear to be a waiver of the jury trial and further vacated the order for mediation. The court scheduled a bench trial on the petition to terminate for February 8, 2018. A review hearing was set for February 1, 2018, wherein the parties would exchange witness and exhibit lists. The court directed the court clerk to send a copy of the court minute to Father's counsel. The docket sheet does not indicate that this was done.

¶7 Father did not appear in person or through counsel at the February 1, 2018, hearing. The trial court found Father's failure to provide a list of witnesses and exhibits to be a waiver of presentation of evidence at the previously set bench trial. The court directed the court clerk to mail a copy of the court minute to Father's counsel. The docket sheet provides that on February 6, 2018, the clerk mailed Father's counsel a copy of the court minute and put a copy of the court minute in his court box.

¶8 A bench trial was held on February 8, 2018. Father did not appear in person or through counsel. The trial court proceeded with trial and heard testimony from Karol Daniel with DHS. The court ultimately found it to be in the best interest of the minor child to terminate Father's parental rights.

¶9 On February 15, 2018, the copy of the February 1, 2018, court minute mailed to Father's counsel was returned to the court clerk as undeliverable.

¶10 On May 25, 2018, the trial court entered a Non-ICWA Journal Entry of Termination of Parental Rights of Democos Dorsey, terminating Father's parental rights to LP based on 10A O.S.2011 and Supp. 2015, §§ 1-4-904(B)(5) (failure to correct conditions which led to deprived adjudication), 1-4-904(B)(12) (incarceration), and 1-4-904(B)(16) (child has been in foster care 15 of 22 months preceding filing of petition).[2] On May 30, 2018, Father's counsel filed a motion to reconsider/motion for new trial and to vacate order for default judgment, asserting he did not receive notice of any court dates following the October 26, 2017, hearing. A hearing was held on Father's motion on August 17, 2018. Father's counsel stated the last notice he had regarding Father's case was the October 26, 2017, hearing when he spoke to the judge prior to the hearing regarding Father being in DOC custody. Counsel further stated he does not recall actually attending the October 26 hearing and that the court minute does not provide that he did. Finally, counsel noted the docket sheet did not reflect certified mailing of any subsequent hearing date to his office.

¶11 The trial court denied Father's motion by order entered on August 22, 2018. Father appeals.

STANDARD OF REVIEW

¶12 This appeal involves the trial court's denial of Father's motion to vacate. "We review 'a trial court's ruling either vacating or refusing to vacate a judgment [for] abuse of discretion.'" In re H.R.T., 2013 OK CIV APP 114, ¶ 14, 362 P.3d 666, 670 (quoting Ferguson Enters., Inc. v. H Webb Enters., Inc., 2000 OK 78, ¶ 5, 13 P.3d 480, 482). The court's disposition of a motion to vacate "will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." Hassell v. Texaco, Inc., 1962 OK 136, ¶ 0, 372 P.2d 233 (Syllabus by the Court). "[A] clear abuse-of-discretion standard includes appellate review of both fact and law issues[.]" Christian v. Gray, 2003 OK 10, ¶ 43, 65 P.3d 591, 608. "An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." Fent v. Okla. Natural Gas Co., 2001 OK 35, ¶ 12, 27 P.3d 477, 481 (citation omitted).

ANALYSIS

¶13 Title 10A O.S.2011, § 1-4-905 permits a consent judgment to be entered in a termination case for a parent's failure to appear. Section 1-4-905(A) provides, in relevant part:

1. Prior to a hearing on the petition or motion for termination of parental rights, notice of the date, time, and place of the hearing and a copy of the petition or motion to terminate parental rights shall be served upon the parent who is the subject of the termination proceeding by personal delivery, by certified mail, or by publication as provided for in Section 1-4-304 of this title.

2. The notice shall contain the following or substantially similar language: "FAILURE TO PERSONALLY APPEAR AT THIS HEARING CONSTITUTES CONSENT TO THE TERMINATION OF YOUR PARENTAL RIGHTS TO THIS CHILD OR THESE CHILDREN. IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION OR MOTION ATTACHED TO THIS NOTICE."

3. Notice shall be served upon the parent not less than fifteen (15) calendar days prior to the hearing.

***

5. The failure of a parent who has been served with notice under this section to personally appear at the hearing shall constitute consent to the termination of parental rights by the parent given notice. When a parent who appears voluntarily or pursuant to notice is directed by the court to personally appear for a subsequent hearing on a specified date, time and location, the failure of that parent to personally appear, or to instruct his or her attorney to proceed in absentia at the trial, shall constitute consent by that parent to termination of his or her parental rights. (Emphasis in original).

¶14 Section 1-4-905(B) sets forth the procedure and burden of proof required to vacate an order terminating parental rights based on statutory consent. Section 1-4-905(B) provides, in relevant part:

1. The court shall have the power to vacate an order terminating parental rights if the parent whose parental rights were terminated pursuant to subsection A of this section files a motion to vacate the order within thirty (30) days after the order is filed with the court clerk.

***

3. The burden of proof is on the defaulting parent to show that he or she had no actual notice of the hearing, or due to unavoidable casualty or misfortune the parent was prevented from either contacting his or her attorney, if any, or from attending the hearing or trial.

¶15 Accordingly, the purpose of the August 17, 2018, hearing on the motion to vacate was for the trial court to evaluate its order under the terms of § 1-4-905(B) allowing Father the opportunity "to show that [he] had no actual notice of the hearing, or due to unavoidable casualty or misfortune [he] was prevented from either contacting [his] attorney, if any, or from attending the hearing or trial."

¶16 On appeal, Father contends the trial court erred by denying his motion to vacate the order terminating his parental rights because he did not have actual notice of the hearings and bench trial. Father claims his right to due process of law was violated. In passing upon a claim that the procedure used in a proceeding to terminate parental rights resulted in a denial of procedural due process, we review the issue de novo. In the Matter of A.M., 2000 OK 82, ¶ 6, 13 P.3d 484, 486-87. De novo review requires an independent, non-deferential re-examination of another tribunal's legal rulings. Id.

¶17 Because "parents have a constitutionally protected liberty interest in the continuity of the legal bond with their children," our courts require that "the full panoply of procedural safeguards" be applied when State seeks to terminate parental rights. In re T.J., 2012 OK CIV APP 86, ¶ 19, 286 P.3d 659, 664 (quoting In the Matter of A.M., 2000 OK 82, at ¶ 8, 13 P.3d at 487). Due process requires notice which reasonably informs a parent such interest may be adversely affected. Id. State must also provide the parents with fundamentally fair procedures. Id. Appellate courts will determine on a case-by-case basis whether a parent was afforded such safeguards because the due process clause does not by itself mandate any particular form of procedure. Id. The degree of notice required is that which would be reasonably calculated to inform the interested party of every critical stage so as to afford them an opportunity to meet the issues at a meaningful time and in a meaningful manner. McDaneld v. Lynn Hickey Dodge, Inc., 1999 OK 30, ¶ 11 fn. 21, 979 P.2d 252, 256 fn. 21 (citing Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1190-91 (1965)). See also Tammie v. Rodriguez, 1977 OK 182, ¶ 9, 570 P.2d 332, 334 ("Procedural due process mandates that reasonable steps be taken to give a parent prior notice of the proceeding and an opportunity to be heard. If this fundamental requirement is not met, the court lacks jurisdiction and the judgment is void.").

¶18 The Oklahoma Children's Code, 10A O.S.2011, § 1-4-905 sets forth the requirements for notice of a hearing to terminate parental rights. Pursuant to § 1-4-905(A)(1), "[p]rior to a hearing on the petition or motion for termination of parental rights, notice of the date, time, and place of the hearing and a copy of the petition or motion to terminate parental rights shall be served upon the parent who is the subject of the termination proceeding by personal delivery, by certified mail, or by publication." Notice shall be served on the parent at least 15 days prior to the hearing. Id. Finally, the following shall be included in the notice:

The notice shall contain the following or substantially similar language: "FAILURE TO PERSONALLY APPEAR AT THIS HEARING CONSTITUTES CONSENT TO THE TERMINATION OF YOUR PARENTAL RIGHTS TO THIS CHILD OR THESE CHILDREN. IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION OR MOTION ATTACHED TO THIS NOTICE."

Id.

¶19 In the present case, the record provides State filed a petition to terminate Father's parental rights on July 6, 2017. Father was personally served with Summons and Notice on July 7, 2017, which provided that a hearing to answer the petition had been set for July 27, 2017. The Notice specifically advised Father that failure to appear could result in termination of his parental rights.

¶20 Father and his counsel appeared before the trial court on July 27, 2017, to answer State's petition. Continuances were granted until September 7, 2017, and October 26, 2017. Father was again advised that failure to appear could result in termination of his parental rights. On October 26, 2017, Father's counsel informed the trial judge prior to the hearing that Father was in DOC custody. Counsel testified at the hearing on the motion to vacate that he recalls speaking to the judge prior to the hearing but does not recall attending the October 26 hearing. Counsel stated he did not receive notice of any hearing after October 26. The docket sheet does not provide whether counsel attended the hearing or that the court provided notice of the next hearing date to Father or Father's counsel.

¶21 Neither Father nor his counsel appeared at the next hearing on December 7, 2017. The court scheduled a bench trial on the petition to terminate for February 8, 2018, and a review hearing for February 1, 2018. The court directed the court clerk to send a copy of the court minute to Father's counsel. The docket sheet does not indicate that this was done.

¶22 Father did not appear in person or through counsel at the February 1, 2018, hearing. The court directed the court clerk to mail a copy of the court minute to Father's counsel. The docket sheet provides on February 6, 2018, the clerk mailed Father's counsel a copy of the court minute and put a copy of the court minute in his court box. The February 6 mailing was returned as undeliverable.

¶23 A bench trial was held on February 8, 2018. Father did not appear in person or through his counsel. The trial court proceeded with trial and ultimately terminated Father's parental rights based on 10A O.S.2011 and Supp. 2015, §§ 1-4-904(B)(5), 1-4-904(B)(12), and 1-4-904(B)(16).[3]

¶24 Accordingly, pursuant to the record on appeal, the only notice provided to Father after the July 27, 2017, hearing was mailed to his counsel on February 6, 2018, two days before the February 8, 2018, bench trial, and was returned as undeliverable. The record provides the February 6th mailing was addressed to Father's counsel at a previous address. Appellee notes Father's counsel did not file an entry of appearance in the case. Counsel is required to file an entry of appearance, which shall include, inter alia, his or her mailing address. See 12 O.S.2011, § 2005.2. If counsel's address changes, counsel is required to immediately inform the court of the change in address. Id. Service of notice to the address of record of counsel is considered valid service. Id. Accordingly, the February 6, 2018, notice to Father's counsel was valid service.

¶25 However, the Court finds the February 6th notice was not timely.[4] At best, Father's counsel could have received the notice one day prior to the February 8, 2018, bench trial. Father could not have realistically attended and defended the termination proceeding upon one day's notice. The notice provided Father must be of such nature as to reasonably convey the required information, and it must afford a reasonable time for those interested to make their appearance. Cate v. Archon Oil Co., 1985 OK 15, ¶ 7, 695 P.2d 1352, 1356 (quoting Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 313-315 (1949)).

While the core element of due process is the right to be heard, that element would have no value unless advance notice is afforded of the hearing at a meaningful time and in a meaningful manner. The person to be affected must be fairly and timely apprised of what interests are sought to be reached by the triggered process. . . .

Charles Sanders Homes, Inc. v. Cook & Assocs., Eng'g, Inc., 2016 OK CIV APP 45, ¶ 16, 376 P.3d 945, 951 (quoting Booth v. McKnight, 2003 OK 49, ¶ 18, 70 P.3d 855, 862). Due process requires adequate notice, a realistic opportunity to appear at a hearing, and the right to participate in a meaningful manner before one's rights are irretrievably altered. Cate, 1985 OK 15, at ¶ 10, 695 P.2d at 1356. "In the context of a proceeding to terminate parental rights, the essence of procedural due process is a 'meaningful and fair opportunity to defend.'" In re A.M., 2000 OK 82, ¶ 9, 13 P.3d 484 (quoting In re Rich, 1979 OK 173, ¶ 12, 604 P.2d 1248, 1253). Failure to provide adequate notice is fatal to the proceedings. In re Adoption of Baby Girl B., 2003 OK CIV APP 24, ¶ 46, 67 P.3d 359, 368.

¶26 Considering the significant interest Father has in his child, the notice provided to Father does not describe a process that is reasonably calculated, under all the circumstances, to apprise him that a hearing was pending and afford him a meaningful opportunity to present his objections. Booth, 2003 OK 49, ¶ 20, fn. 48, at 862 (quoting Shamblin v. Beasley, 1998 OK 88, ¶ 12, 967 P.2d 1200, 1209).[5]

¶27 Father established that he had no actual notice of the February 8, 2018, bench trial as required under § 1-4-905(B)(3). Accordingly, the August 22, 2018, order of the trial court denying his motion to vacate the May 25, 2018, journal entry terminating his parental rights to LP is in error and is reversed.

¶28 REVERSED.

FISCHER, P.J., and THORNBRUGH, J., concur.

FOOTNOTES

[1] The biological mother is deceased.

[2] Father's counsel learned of the journal entry on May 25, 2018, when the district attorney's office asked him to sign a proposed order memorializing the trial court's order terminating Father's parental rights.

[3] The Court notes that neither §§ 1-4-904(B)(12) nor 1-4-904(B)(16) were alleged in State's May 23, 2016, deprived petition or as a ground for termination in State's July 6, 2017, petition to terminate Father's parental rights. The record on appeal does not provide that an amended petition to terminate was filed.

The State may not terminate the rights of a parent based on other conditions that did not serve as a basis for the deprived adjudication or for which no notice was given between the initial adjudication and the termination stage. In re T.J., 2012 OK CIV APP 86, ¶ 34, 286 P.3d 659, 668 (citing Matter of J.N.M., 1982 OK 153, ¶ 16--17, 655 P.2d 1032, 1037). See also In re E.M, 1999 OK CIV APP 32, 976 P.2d 1098 (the Court of Civil Appeals reversed the decision to terminate a father's parental rights, noting the petition to terminate did not inform the father of the statutory grounds under which termination of parental rights were sought). Accordingly, Father's due process rights were violated when State did not specify §§ 1-4-904(B)(12) or 1-4-904(B)(16) until trial.

[4] In addition, the Court notes Father was not given any notice of the December 7, 2017, and February 1, 2018, hearings.

[5] In addition, the informal practice of placing a copy of the court minute in counsel's court box is insufficient to establish notice.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2003 OK CIV APP 24, 67 P.3d 359, IN THE MATTER OF THE ADOPTION OF BABY GIRL B.
Discussed
 2012 OK CIV APP 86, 286 P.3d 659, IN THE MATTER OF T.J.
Discussed at Length
 2013 OK CIV APP 114, IN THE MATTER OF H.R.T.
Cited
 2016 OK CIV APP 45, 376 P.3d 945, CHARLES SANDERS HOMES, INC. v. COOK AND ASSOC. ENGINEERING, INC.
Discussed
 1999 OK CIV APP 32, 976 P.2d 1098, 70 OBJ 1455, In the Matter of E.M.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 78, 13 P.3d 480, 71 OBJ 2590, FERGUSON ENTERPRISES, INC. v. H. WEBB ENTERPRISES, INC.
Discussed
 2001 OK 35, 27 P.3d 477, 72 OBJ 1185, FENT v. OKLAHOMA NATURAL GAS, CO.
Discussed
 1962 OK 136, 372 P.2d 233, HASSELL v. TEXACO, INC.
Discussed
 2003 OK 10, 65 P.3d 591, CHRISTIAN v. GRAY
Discussed
 2003 OK 49, 70 P.3d 855, BOOTH v. McKNIGHT
Discussed at Length
 1977 OK 182, 570 P.2d 332, TAMMIE v. RODRIGUEZ
Discussed
 1979 OK 173, 604 P.2d 1248, MATTER OF RICH
Discussed
 1982 OK 153, 655 P.2d 1032, J.N.M., Matter of
Discussed
 2000 OK 82, 13 P.3d 484, 71 OBJ 2668, IN THE MATTER OF A.M. & R.W.
Discussed at Length
 1998 OK 88, 967 P.2d 1200, 69 OBJ 3098, Shamblin v. Beasley
Discussed
 1999 OK 30, 979 P.2d 252, 70 OBJ 1215, McDaneld v. Lynn Hickey Dodge, Inc.
Discussed
 1985 OK 15, 695 P.2d 1352, Cate v. Archon Oil Co., Inc.
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2005.2, Entry of Appearance, Out-of-State Counsel, Address of Record and Withdrawal
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA